**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**ANDRE BEVERLY**                                                                                        **PETITIONER**
**ADC# 87272**

VS.                              CASE NO.: 5:06CV00166 WRW/BD

**LARRY NORRIS, Director,**
**Arkansas Dept. of Correction**                                                               **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.**   **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from receipt of the findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## II.     Introduction:

Pending is Petitioner Andre Beverly's Petition for Writ of Habeas Corpus (docket entry #2). For the reasons that follow, the Court recommends that this Petition for Writ of Habeas Corpus (#2) be denied and dismissed with prejudice.

## III.    Background:

On January 14, 2004, Petitioner was convicted by a jury of delivery and possession of cocaine and was sentenced to an aggregate term of 960 months' imprisonment in the Arkansas Department of Correction ("ADC"). Petitioner appealed the conviction and the Arkansas Court of Appeals affirmed. *Beverly v. State*, CACR 04-289, 2004 WL 2457862 (Ark. Ct. App. November 3, 2003). Petitioner filed a timely Rule 37 petition for post-conviction relief. The trial court denied the petition and Petitioner appealed. The

Arkansas Supreme Court affirmed the denial of Petitioner's Rule 37 petition for post-conviction relief. *Beverly v. State*, CR-05-150, 2006 WL 302347 (Ark. February 9, 2006).

On June 28, 2006, Petitioner brought this petition for writ of habeas corpus under 28 U.S.C. § 2254 (#2). Petitioner raises one issue in his habeas petition. He claims that his trial counsel was ineffective for failing to move the trial court to admonish the jury following denial of his motions for mistrial.

**IV.   Analysis of Petitioner's Claims:**

The Court will not grant a writ of habeas corpus unless the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). "'[A] state-court decision is contrary to [Supreme Court] precedent if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law'-in other words, if it 'applies a rule that contradicts the governing law set forth in our cases.'" *Mark v. Ault*, 498 F.3d 775, 783 (8th Cir. 2007) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495 (2000)).

Both parties agree that the Arkansas Supreme Court used the proper standard when assessing Petitioner's claim of ineffective assistance of counsel. See *Beverly v. State*, CR-05-150, 2006 WL 302347 (Ark. February 9, 2006) (citing the appropriate standard for ineffective assistance of counsel claims found in *Strickland v. Washington*, 466 U.S. 668,

104 S.Ct. 2052 (1984)).  Petitioner, however, contends that the Arkansas Supreme Court failed to apply *Strickland* properly when it concluded that Petitioner's counsel was making a strategic decision by declining an admonishing instruction after the denial of two motions for mistrial.  A state court's decision is an "unreasonable application" if it correctly identifies the governing legal principle but unreasonably applies it to the facts of the particular case.  *Williams*, 529 U.S. at 407.

*Strickland* requires a court to hold attorney performance to the standard of "reasonably effective assistance."  *Strickland*, 466 U.S. at 687.  For Petitioner to prevail, he must show that his counsel's representation fell below an objective standard of reasonableness.  *Id.* at 688.  To make this showing, Petitioner must overcome a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance.  *Id.* at 689.

In addition to deficient performance, Petitioner must show that he was prejudiced by his counsel's performance.  *Id*. at 687.  To prove prejudice, Petitioner must show that there is a reasonable probability that, but for counsel's unprofessional performance, the result of the proceeding would have been different.  *Id.* at 694.

The controversy in this case involves testimony by Crossett Police Department Investigator Robbie Fuller ("Fuller") and his informant, Shonni Abernathy ("Abernathy"). During direct examination, the prosecutor asked Abernathy how he knew Petitioner. Abernathy responded by saying, "I used to buy drugs from him."  Petitioner's counsel

moved for a mistrial, arguing that the response indicated that Petitioner sold drugs to Abernathy on occasions other than the transactions for which Petitioner was standing trial.  The trial court denied the motion for a mistrial concluding that it was possible Abernathy was referring only to the two transactions in question.  Petitioner's counsel did not ask for an admonition.

Failure to seek a jury admonition in and of itself does not indicate ineffective assistance of counsel.  *Stamps v. Rees*, 834 F.2d 1269, 1276 (6th Cir. 1987).  On direct appeal, the Arkansas Court of Appeals held that an admonition, rather than a mistrial, would have been the proper remedy in this case because any prejudice was highly speculative.  *Beverly v. State*, CACR 04-289, 2004 WL 2457862 (Ark. Ct. App. November 3, 2003).  This Court agrees that prejudice from this comment, if any, is highly speculative.  The charge in this case was that Abernathy had purchased drugs from Petitioner on two occasions.  This Court does not find prejudice when Petitioner's counsel did not request an admonition after Abernathy said he used to buy drugs from Petitioner.  In this instance, the Arkansas Court of Appeals' application of *Strickland* was reasonable.  Accordingly, this inaction is not grounds for issuance of this writ.

The next contested testimony occurred during direct examination of Fuller as part of Petitioner's case-in-chief.  Petitioner's counsel questioned Fuller about his failure to mention the presence of Abe Shaw during a controlled purchase.  Fuller testified that Abe Shaw was present during a different buy at Petitioner's residence.  Petitioner's counsel

objected and moved for a mistrial arguing that Fuller's statement implied that Petitioner's residence was a crack house.  The trial court denied the motion and offered to give an admonition to the jury.  Petitioner's counsel declined, noting that an admonition is an "age-old trap" of the Supreme Court that "stirs up the pile."  From this response, it is clear that Petitioner's counsel was aware of the applicable law and various options and chose not to request an admonition for strategic reasons.  Petitioner states that the damaging testimony was "just left lingering for the jury to absorb."  That may be true.  It was quite reasonable, however, for Petitioner's counsel to believe more damage would have occurred by having the trial judge highlight the testimony through an admonition, rather than leaving that subject and moving on to another.  Th conduct of Petitioner's counsel fell well within the "wide range of reasonable professional assistance" to which Petitioner was entitled.  *Strickland*, 466 U.S. at 689.  Accordingly, failure to request an admonition in these instances is not grounds for issuance of this writ.

### V.     Conclusion:

The Court recommends that Petitioner's petition for writ of habeas corpus (#2) be DENIED and DISMISSED with prejudice.

DATED this 21st day of December, 2007.

_____
UNITED STATES MAGISTRATE JUDGE